UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                          CRIMINAL CASE NO. 06-20140

v.

                                          HON.  PAUL V. GADOLA
                                          United States District Judge

DETRICK CURTIS CONERLY,

       Defendant.

_____/

## <u>ORDER DENYING DEFENDANT'S MOTION TO VACATE JUDGMENT</u>

Before the Court is Defendant's "Motion to Vacate Judgement," dated on May 25, 2007 and filed by the Court on June 8, 2007.  For the reasons below, the Court denies Defendant's motion.

Though Defendant did not cite 28 U.S.C. § 2255 in his motion, Defendant's motion was docketed as a § 2255 habeas corpus petition with a new civil case file, Civil Case No. 07-12467. It is clear from Defendant's motion that Defendant never intended his motion to be construed as a § 2255 habeas corpus petition.  Due to the elevated requirements for second or successive motions brought pursuant to § 2255, there are negative consequences which will result if Defendant's motion is construed as a § 2255 motion.  *See In re Shelton*, 295 F.3d 620, 621-22 (6th Cir. 2002). Accordingly, the Court will not treat Defendant's motion as a motion brought pursuant to 28 U.S.C. § 2255.

In his motion, Defendant contests his sentencing.  Defendant bases the relief he seeks on Federal Rule of Criminal Procedure 33, which is a motion for a new trial.  Here, there was no trial, as Defendant pled guilty to the charge against him on August 14, 2006.  Rule 33 does not apply to sentencing.  Thus, Rule 33 is not applicable and does not provide Defendant relief.

In addition, the arguments presented by Defendant in his motion contesting his sentence were presented previously by Defendant when the Court was considering Defendant's objections to the Sentencing Guidelines determination made by the Probation Office. On April 25, 2007, after receiving briefs from both parties and holding several evidentiary hearings, this Court issued an order resolving the sentencing objections. Defendant's current motion contests this Court's April 25, 2007 order. If Defendant's motion is construed as a motion for reconsideration of the April 25, 2007 order, Defendant has failed to demonstrate "a palpable defect by which the court and the parties have been misled" and is "merely present[ing] the same issues ruled upon by the court." E.D. Mich. L.R. 7.1(g).

Finally, Defendant appealed his sentence to the Sixth Circuit Court of Appeals on May 21, 2007. Therefore, this Court is divested of jurisdiction to reconsider Defendant's sentence. *See* Fed. R. App. P. 4(b); *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Accordingly, for all these reasons, denial of Defendant's motion is appropriate.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's "Motion to Vacate Judgement" [docket entry #55, Criminal Case No. 06-20140] is **DENIED**. In addition, Defendant's motion is not to be construed as a motion made pursuant to 28 U.S.C. § 2255. Accordingly, Civil Case No. 07-12467 is **CLOSED**.

**SO ORDERED.**

Dated:   August 6, 2007           s/Paul V. Gadola
                                  HONORABLE PAUL V. GADOLA
                                  UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on __August 6, 2007__ , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
_____Mark C. Jones_____, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____Detrick Conerly_____.


s/Ruth A. Brissaud_____
Ruth A. Brissaud, Case Manager
(810) 341-7845